**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4706**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RONALD LEE TRUESDALE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Sr.,
Senior District Judge.  (1:07-cr-00003-WLO)

Submitted:  July 31, 2008          Decided:  August 4, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bruce A. Lee, BRUCE A. LEE, P.A., Greensboro, North Carolina, for
Appellant.  Patrick Auld, United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lee Truesdale pled guilty to failing to file an income tax return, in violation of 26 U.S.C. § 7203 (2000). The district court sentenced Truesdale to eleven months and five days' imprisonment,[1] one year of supervised release, and ordered him to pay restitution of $359,810.[2] Truesdale's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Truesdale's sentence was reasonable. Truesdale was advised of his right to file a pro se brief, but has failed to do so. We affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district courts must follow in sentencing defendant). Although Truesdale contends that his sentence is

---

[1]At the sentencing hearing, the district court sentenced Truesdale to twelve months' imprisonment, but later reduced the sentence, as reflected in the judgment and commitment order.

[2]The probation officer calculated an advisory sentencing guideline range for Truesdale of twenty-four to thirty months' imprisonment, founded on a total offense level of seventeen and a criminal history category of I. However, as the maximum statutory sentence applicable to Truesdale's crime is twelve months' imprisonment, see 26 U.S.C. § 7203 (2000), the resulting guideline range becomes twelve months. See U.S. Sentencing Guidelines Manual, § 5G1.1(c)(1)(2000).

unreasonable, the record reflects that the district court properly determined the advisory and statutory guideline range, considered the relevant sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), including Truesdale's medical condition, and sentenced Truesdale below the advisory guideline range and below the applicable statutory maximum sentence. Other than his claim that the district court failed to consider his medical condition prior to sentencing him, which the record clearly belies, Truesdale offers no support for his claim that his sentence is unreasonable. As the district court complied fully with the constitutional and statutory requirements in imposing Truesdale's sentence, we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Truesdale's conviction and sentence. We deny counsel's motion to withdraw from representation at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED